## APPEAL OF MILITARY EQUIPMENT CO.

Docket No. 1921. Submitted April 20, 1925. Decided June 11, 1925.

1. Deductions for amortization of the cost of property acquired and used for the manufacture of war supplies will not be allowed in the absence of evidence that taxpayer actually made an investment in such property.

2. Deductions may not be claimed for depreciation upon property to which taxpayer at no time held title.

3. Taxpayer corporation, whose capital stock was never issued, purchased land and buildings for the manufacture of war supplies with funds advanced to it by another corporation, which were carried on the books of both corporations as loans and canceled upon the dissolution of taxpayer in 1919. Title to the property purchased was taken in the names of stockholders of such other corporation, who also purported to be stockholders of the taxpayer, and remained in them after dissolution. *Held*, that the loans enured solely to the benefit of the stockholders, were not in fact made to or paid by taxpayer, and taxpayer was not entitled to deductions for amortization or depreciation upon the buildings.

*Henry G. Greilich* for the taxpayer.
*Laurence Graves, Esq.*, for the Commissioner.

Before JAMES, LITTLETON, SMITH, and TRUSSELL.

This appeal involves income and profits taxes for the calendar year 1918 which arises from a denial by the Commissioner of a deduction of $1,915 for amortization. As a result of this disallowance a deficiency of $875.60 is asserted.

### FINDINGS OF FACT.

The taxpayer was organized as a New York corporation in July, 1917, with capital stock of $10,000, which was never issued;

it thereafter engaged in the manufacture of kits, barrack bags, and other Army supplies which were sold to the War Department until its contracts were canceled some time after November 11, 1918. The taxpayer was dissolved in 1919.

The stock of the corporation purported to be owned by members of the Greilich family, who also, but in different respective interests, owned the stock in a corporation known as William Greilich & Sons Co.

William Greilich & Sons Co. advanced money from time to time as loans to the taxpayer. Land and a building were acquired by purchase by the taxpayer corporation, the directors of which were the owners of the William Greilich & Sons Co., for its business— payments being made therefor with money so advanced by William Greilich & Sons Co. as follows:

| | |
|---|---|
| Sept. 26, 1917 | $500.00 |
| Feb. 28, 1918 | 2,250.00 |
| May 3, 1918 | 2,338.70 |
| | 5,088.70 |

Title to the property so acquired was not taken in the name of the taxpayer but in the individual names of two members of the Greilich family who controlled the William Greilich & Sons Co.

With additional funds so advanced by William Greilich & Sons Co., to the total amount of $17,821.83, improvements were made upon the building. The total cost of the land and building, with improvements, stood upon the books of the taxpayer at $22,910.53, of which $3,000 represented the land and $19,910.53 the building.

In its return for 1918 the taxpayer deducted $2,910.53 as depreciation on the building, leaving upon its books $3,000 for land and $17,000 for the building.

The Commissioner disallowed the depreciation so claimed but did allow 5 per cent on $19,910.53, or $995.53. The balance, $1,915, is now claimed as a deduction under the Act of 1918, section 234 (a) (8), as amortization.

The buildings were used from acquisition to the date of cancellation of contracts, subsequent to November 11, 1918, wholly for the production of articles contributing to the prosecution of the World War.

### DECISION.

The taxpayer's claim for amortization in the amount of $1,915 is disallowed. Depreciation of $995.53 allowed by the Commissioner is disallowed by the Board and the deficiency is increased accordingly. Final determination will be settled on consent or on seven days' notice, in accordance with Rule 50.

OPINION.

LITTLETON: The taxpayer is not entitled to a deduction for amortization in the absence of proof that it actually made an investment in the property in respect to which the deduction is claimed.

The Act of 1918, section 234 (a) (8), provides in part:

There shall be allowed a reasonable deduction for the amortization of such part of the *cost* of such facilities * * * *as has been borne by the taxpayer,* * * *. [Italics ours.]

It does not appear that the taxpayer either made an investment or bore any cost of the facilities used. It would seem that the William Greilich & Sons Co. used its funds (whether capital or income we do not know) for the purpose of making a distribution to certain members of the Greilich family, stockholders of that corporation, in the form of real estate purchased and improved. In the absence of evidence to the contrary, the improvements made would accrue to the owners of the property. The taxpayer received the use of the property and carried the cost as a loan to it upon its books. The William Greilich & Sons Co. called it a loan upon *its* books, thereby maintaining its invested capital and distributing its funds without the entry of the same as such upon its books.

Upon the dissolution of the taxpayer in 1919 the book entries between the two corporations were canceled, but William Greilich & Sons Co. received nothing by such action. The title to the real estate after, as well as before, was in the individual names of the two members of the Greilich family, and any deduction for exhaustion, wear and tear, or amortization in respect of the property accrued at no time to either corporation. The Commissioner therefore erred in allowing the taxpayer a deduction of $995.53 for exhaustion, wear and tear in respect of this property.

We are, in effect, requested to accept proof of an investment by the taxpayer upon its mere statement that it claimed a deduction on its books as to property which it admittedly did not own. In the absence of evidence to the contrary, we recognize the separate entity of each company. So viewing the matter under the evidence, it does not appear that a loan was in fact made by William Greilich & Sons Co. to the taxpayer in 1917 and 1918, nor that a loan was in fact paid by the taxpayer in 1919. The taxpayer merely used funds of William Greilich & Sons Co., as the latter directed, for the benefit of certain individual stockholders of William Greilich & Sons Co. Such investment as was made accrued to these individuals. Therefore, any claim for either depreciation or amortization by the taxpayer is without basis in fact or in law.